NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NOS. A-4996-14T4
 A-2347-15T4

KARL LAVIN,

 Plaintiff-Appellant,

v.

MARY KAY LAVIN,

 Defendant-Respondent.

____________________________

 Argued October 25, 2017 – Decided December 1, 2017

 Before Judges Currier and Geiger.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Monmouth
 County, Docket No. FM-13-0824-07.

 Mark S. Guralnick argued the cause for
 appellant (Mr. Guralnick, attorney; Stephen M.
 Pascarella, on the briefs).

 Sylvia S. Costantino argued the cause for
 respondent.

PER CURIAM
 In this matrimonial matter, plaintiff Karl Lavin appeals two

orders, contending that the Family Part judge erred in denying his

request to terminate his alimony obligation and in assessing

counsel fees against him.1 After a review of the record and

applicable principles of law, we affirm.

 The parties were divorced in 2007. The Property Settlement

Agreement required plaintiff to pay defendant Mary Kay Lavin

alimony of $1250 per month.

 In September 2013, plaintiff filed the first of several

motions to terminate his alimony obligation. In denying the motion

in January 2014, the family judge noted that the application was

deficient in its failure to include supporting financial

documentation. Plaintiff appealed and requested the trial judge

stay her order. The judge denied the motion to stay and granted

counsel fees to defendant. Plaintiff later withdrew his appeal.

 Plaintiff filed a second motion to terminate alimony in

December 2014. Judge Kathleen A. Sheedy2 denied the motion and

granted defendant's cross-motion for counsel fees in an order and

written decision on February 20, 2015. The judge noted the

1
 We have consolidated the appeals for the purposes of this
opinion.
2
 Judge Sheedy was not the judge who decided the September 2013
motion.

 2 A-4996-14T4
procedural deficiencies in the application, which lacked numerous

required documents, such as the prior case information statements

(CIS), current tax returns, W2s, or any paystubs. Judge Sheedy

observed that without these financial documents, she could not

compare plaintiff's "current financial status with his financial

position at the time of the divorce." Although plaintiff also

asserted a worsening medical condition in support of his

application, the judge noted that he had also failed to provide

any medical documentation to support that claim. She, therefore,

concluded that plaintiff had failed "to present a prima facie

showing of changed circumstances that would warrant a modification

of his alimony."

 Defendant's cross-motion seeking counsel fees was granted.

Judge Sheedy stated:

 [Plaintiff] has brought deficient
 applications before and has been warned that
 future deficient requests will be denied.
 [Defendant] has had to respond to
 [plaintiff's] similar motions in the past and
 is again faced with opposing the exact same
 application that was denied in January 2014.
 This [c]ourt finds that [plaintiff] has
 brought this application in bad faith for
 failing to provide documents that he was told
 he must file.

She awarded counsel fees in the amount of $1750.

 Plaintiff moved for reconsideration of the counsel fee award.

In response, defendant requested that the court enforce the two

 3 A-4996-14T4
prior awards of counsel fees and grant fees on the reconsideration

application. In a written decision and order issued on May 8,

2015, Judge Sheedy denied the motion for reconsideration, finding

that no new information had been provided to demonstrate that the

matter had been improperly decided. She determined that the

application lacked merit and had not been brought in good faith.

She, therefore, awarded an additional $750 in counsel fees to

defendant. The total outstanding counsel fees from the previous

motions was $4375.

 Judge Sheedy denied plaintiff's subsequent motion for a stay

and imposed a sanction of $100 per day for each day that plaintiff

failed to comply with the previous orders requiring him to pay

counsel fees. Plaintiff appealed from the May 8, 2015 order.

 In September 2015, while the appeal was pending, plaintiff

filed a third motion for termination of alimony. Judge Sheedy

denied the motion on December 11, 2015. In her written decision,

she noted the recurrent deficiencies in the application, and

plaintiff's continuing failure to include tax returns, W2s and

paystubs. Despite these shortcomings, the judge undertook a

substantive review of the motion and found that plaintiff had

failed to provide adequate proof to support a termination or

modification of his alimony obligation. The CIS revealed plaintiff

had far superior financial assets than defendant. There was no

 4 A-4996-14T4
support for plaintiff's assertion that he was "being pressured"

to retire nor was there any documentation of his alleged worsening

medical condition.

 Judge Sheedy granted defendant's motion to enforce the prior

orders and awarded counsel fees of $2000. She stated: "[Plaintiff]

was advised many times . . . that he had not provided sufficient

financial and medical documentation, and therefore knew that

filing the same information would most likely yield the same

results. [Plaintiff] however, files an identical application

without providing the necessary documentation required by the

[c]ourt." Plaintiff filed an appeal from the December 2015 order.

 In these appeals, plaintiff argues that the Family Part judge

abused her discretion in finding he failed to make a prima facie

showing of changed circumstances sufficient to require termination

or modification of alimony, and in awarding defendant counsel

fees. We disagree.

 We are mindful that our scope of review of Family Part orders

is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). Family

Part judges have broad discretion when considering an application

to modify or terminate alimony. Larbig v. Larbig, 384 N.J. Super.

17, 21 (App. Div. 2006) (citing Martindell v. Martindell, 21 N.J.

341, 355 (1956)). We owe substantial deference to these types of

decisions. Donnelly v. Donnelly, 405 N.J. Super. 117, 127 (App.

 5 A-4996-14T4
Div. 2009). Thus, an alimony determination will not be overturned

on appeal absent an abuse of discretion. See Rolnick v. Rolnick,

262 N.J. Super. 343, 360 (App. Div. 1993) (holding that in order

to vacate a trial court's findings as to modification of alimony,

"an appellate court must conclude that the trial court clearly

abused its discretion").

 Similarly, "fee determinations by trial courts will be

disturbed only on the rarest occasions, and then only because of

a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292,

317 (1995).

 After reviewing the record, we conclude that Judge Sheedy's

factual findings are fully supported by the record and, in light

of those facts, her legal conclusions are unassailable. We

therefore affirm, substantially for the reasons expressed in her

several well-reasoned opinions. We add the following brief

comments.

 All of plaintiff's applications lacked support for his

request to terminate or even modify his alimony obligation.

Although apprised by the court of the deficiencies, plaintiff

nevertheless filed several identical defective applications.

There was no demonstration of any changed circumstances warranting

a modification or termination of the alimony obligation.

 6 A-4996-14T4
 The fees awarded to defendant are a miniscule fraction of

what she has paid her counsel to defend plaintiff's deficient

applications. Judge Sheedy did not abuse her discretion in the

enforcement of prior orders or awarding additional fees to

defendant in the May and December 2015 orders.

 Affirmed.

 7 A-4996-14T4